IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS,
MARSHALL DIVISION

| | | |
|---|---|---|
| APPLICA CONSUMER PRODUCTS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:07cv73 |
| | § | |
| DOSKOCIL MANUFACTURING | § | JURY TRIAL REQUESTED |
| COMPANY, INC., and | § | |
| LUCKY LITTER LLC | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

Plaintiff, Applica Consumer Products, Inc. ("Applica"), complains of Defendants, Doskocil Manufacturing Company, Inc. and Lucky Litter LLC (collectively, "Defendants") as follows:

## PARTIES

1. Applica is a Florida corporation having a principal place of business at 3633 Flamingo Road, Miramar, Florida 33027. Applica markets and distributes household products, including products under the brand names BLACK & DECKER®, LITTERMAID®, INFRAWAVE®, and BELSON®. Specifically, Applica markets and distributes patented cat litter box products under the LITTERMAID® mark. Applica has made and continues to make substantial investments in its LITTERMAID® product business to make its products the products of choice among America's cat owners. Applica's LITTERMAID® litter box products provide a healthier and safer environment for pets, while simultaneously making it easier for America's pet owners to maintain litter box products.

AUS01:455577.1

2. Doskocil Manufacturing Company, Inc. ("Doskocil") is a Texas corporation having its principal place of business located at 4209 Barnett Blvd., Arlington, Texas 76017.

3. Doskocil manufactures, sells and offers for sale various cat litter products under the brand name "Petmate."

4. Doskocil owns the assets of Stylette Pet Products ("Stylette"), which manufactures cat litter products under the brand name "Littersweep." Doskocil continues to sell and offer for sale Stylette's cat litter products under the brand name "Littersweep."

5. Lucky Litter LLC ("Lucky Litter") is a Limited Liability Company formed in the state of Illinois and having its principal place of business at 2 N Riverside Plaza, Chicago, Illinois 60606.

6. Lucky Litter manufactures, sells and offers for sale various cat litter products under the brand name "ScoopFree."

7. Lucky Litter has a license from the Clorox Pet Products Company ("Clorox") to market the Clorox "Fresh Step" cat litter with its "ScoopFree" cat litter box products.

## PATENTS

8. Applica owns United States Patent No. 6,082,302 ("the '302 Patent") entitled "Self-Cleaning Litter Box," which issued on July 4, 2000 (Exhibit A).

9. Waters Research Company ("WRC"), an Illinois corporation having a principal place of business at 213 West Main Street, West Dundee, Illinois 60118, owns United States Patent Re. 36,847 ("the '847 Patent") entitled "Automated Self-Cleaning Litter Box for Cats," which issued on September 5, 2000 (Exhibit B).

10. Angelo Carlisi, an individual, owns United States Patent No. 5,048,465 ("the '465 Patent") entitled "Self-Cleaning Kitty Litter Box," which issued on September 17, 1991 (Exhibit C).

11. Applica is the exclusive licensee of the '847 Patent.

12. Applica is the exclusive licensee, by way of WRC, of the '465 Patent.

13. Applica has properly marked its cat litter box products with the patent numbers.

## STANDING

14. Applica has standing in this lawsuit as owner of the '302 Patent and exclusive licensee of the '847 and '465 Patents.

## JURISDICTION

15. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of the claim made under 28 U.S.C. § 1338(a).

## VENUE

16. Venue is proper in this district under 28 U.S.C. § 1400(b). Doskocil is a corporation and Lucky Litter is a Limited Liability Company that reside in this district under 28 U.S.C. § 1391(c), as both Doskocil and Lucky Litter are subject to personal jurisdiction in this district. In particular, Doskocil and Lucky Litter transact business in this district, including selling cat litter box products through retailers located in this district, *e.g.*, PetSmart® stores, as well as selling cat litter box products through the Internet to customers residing in this district.

## COUNT I - INFRINGEMENT OF THE '302 PATENT

17. Applica realleges the allegations in paragraphs 1-16 as though fully set forth herein.

18. Doskocil has infringed at least one claim of the '302 Patent by, among other activities, the manufacture, operation, promotion, use, importation, sale and offer for sale of cat litter box products, including but not limited to, for example, the "Petmate Purrforma," "Petmate Purrforma Plus," and "LitterSweep Ultra" cat litter box products.

19. Doskocil has further committed acts of infringement of the '302 Patent by contributing to and inducing others to infringe the '302 Patent. Doskocil has purposefully caused, urged, or encouraged others to infringe.

20. Doskocil's infringement has injured Applica, and, as a consequence, Applica is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonably royalty.

21. Doskocil has been made aware of the '302 Patent and has, nonetheless, copied and/or infringed claims of that patent with knowledge of the patent's scope and application to the activities carried out by Doskocil. As a consequence, Doskocil's infringement has been willful and deliberate and has injured and will continue to injure Applica unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, promotion, use, importation, sale and offer for sale of products and performing of methods within the scope of the '302 Patent.

22. Lucky Litter has infringed at least one claim of the '302 Patent by, among other activities, the manufacture, operation, promotion, use, importation, sale and offer for sale of cat

litter box products, including but not limited to, for example, the "ScoopFree" cat litter box product.

23.    Lucky Litter has further committed acts of infringement of the '302 Patent by contributing to and inducing others to infringe the '302 Patent. Lucky Litter has purposefully caused, urged, or encouraged others to infringe.

24.    Lucky Litter's infringement has injured Applica, and, as a consequence, Applica is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonably royalty.

25.    Lucky Litter has been made aware of the '302 Patent and has, nonetheless, copied and infringed claims of that patent with knowledge of the patent's scope and application to the activities carried out by Lucky Litter. As a consequence, Lucky Litter's infringement has been willful and deliberate and has injured and will continue to injure Applica unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, promotion, use, importation, sale and offer for sale of products and performing of methods within the scope of the '302 Patent.

## COUNT II - INFRINGEMENT OF THE '847 PATENT

26.    Applica realleges the allegations in paragraphs 1-25 as though fully set forth herein.

27.    Doskocil has infringed at least one claim of the '847 Patent by, among other activities, the manufacture, operation, promotion, use, importation, sale and offer for sale of cat litter box products, including but not limited to, for example, the "Petmate Purrforma" and "Petmate Purrforma Plus" cat litter box products.

28. Doskocil has further committed acts of infringement of the '847 Patent by contributing to and inducing others to infringe the '847 Patent. Doskocil has purposefully caused, urged, or encouraged others to infringe.

29. Doskocil's infringement has injured Applica, and, as a consequence, Applica is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonably royalty.

30. Doskocil has been made aware of the '847 Patent and has, nonetheless, copied and/or infringed claims of that patent with knowledge of the patent's scope and application to the activities carried out by Doskocil. As a consequence, Doskocil's infringement has been willful and deliberate and has injured and will continue to injure Applica unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, promotion, use, importation, sale and offer for sale of products within the scope of the '847 Patent.

31. Lucky Litter has infringed at least one claim of the '847 Patent by, among other activities, the manufacture, operation, promotion, use, importation, sale and offer for sale of cat litter box products, including but not limited to, for example, the "ScoopFree" cat litter box product.

32. Lucky Litter has further committed acts of infringement of the '847 Patent by contributing to and inducing others to infringe the '847 Patent. Lucky Litter has purposefully caused, urged, or encouraged others to infringe.

33. Lucky Litter's infringement has injured Applica, and, as a consequence, Applica is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonably royalty.

34. Lucky Litter has been made aware of the '847 Patent and has, nonetheless, copied and infringed claims of that patent with knowledge of the patent's scope and application to the activities carried out by Lucky Litter. As a consequence, Lucky Litter's infringement has been willful and deliberate and has injured and will continue to injure Applica unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, promotion, use, importation, sale and offer for sale of products within the scope of the '847 Patent.

### COUNT III - INFRINGEMENT OF THE '465 PATENT

35. Applica realleges the allegations in paragraphs 1-34 as though fully set forth herein.

36. Doskocil has infringed at least one claim of the '465 Patent by, among other activities the manufacture, operation, promotion, use, importation, sale and offer for sale of cat litter box products, including but not limited to, for example, the "LitterSweep Ultra" cat litter box product.

37. Doskocil has further committed acts of infringement of the '465 Patent by contributing to and inducing others to infringe the '465 Patent. Doskocil has purposefully caused, urged, or encouraged others to infringe.

38. Doskocil's infringement has injured Applica, and, as a consequence, Applica is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonably royalty.

39. Doskocil has been made aware of the '465 Patent and has, nonetheless, copied and/or infringed claims of that patent with knowledge of the patent's scope and application to the activities carried out by Doskocil. As a consequence, Doskocil's infringement has been willful

and deliberate and has injured and will continue to injure Applica unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, promotion, use, importation, sale and offer for sale of products within the scope of the '465 Patent.

40.   WHEREFORE, Applica, asks this Court to enter judgment against Defendants, Doskocil and Lucky Litter, and against Defendants' subsidiaries, affiliates, agents, servants, employees, and all persons in active concert or participation with Defendants, granting the following relief:

   A.   An award of damages adequate to compensate Applica for the infringement that has occurred, together with prejudgment interest from the date infringement of the '302, '847, and '465 Patents began;

   B.   Increased damages as permitted under 35 U.S.C. § 284;

   C.   A finding that this case is exceptional and an award to Applica its attorneys' fees and costs as provided by 35 U.S.C. § 285;

   D.   A permanent injunction prohibiting further infringement of the '302, '847, and '465 Patents; and

   E.   Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Applica demands a trial by jury on all issues presented in this Complaint.

Respectfully submitted,

*/s/ Bruce W. Slayden II*
Bruce W. Slayden II
Texas State Bar No. 18496695
Kevin M. Sadler (Attorney-In-Charge)
Texas State Bar No. 17512450
BAKER BOTTS L.L.P.
98 San Jacinto Blvd.
Austin, Texas 78701
tel (512) 322-2589
fax (512) 322-8332
kevin.sadler@bakerbotts.com

S. Calvin Capshaw
BROWN McCARROLL L.L.P.
1127 Judson Road, suite 220
Longview, TX 75601-5157
tel (903) 233-4826
fax (903) 236-8787

ATTORNEYS FOR PLAINTIFF
APPLICA CONSUMER PRODUCTS, INC.