IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS,
MARSHALL DIVISION

| | |
|---|---|
| APPLICA CONSUMER PRODUCTS, INC., § § Plaintiff, § § v. § § DOSKOCIL MANUFACTURING § COMPANY, INC., and § LUCKY LITTER LLC § § Defendants. § | CIVIL ACTION NO. 2:07cv73TJW JURY TRIAL REQUESTED |

## FIRST AMENDED COMPLAINT

Plaintiff, Applica Consumer Products, Inc. ("Applica"), complains of Defendants, Doskocil Manufacturing Company, Inc. and Lucky Litter LLC (collectively, "Defendants") as follows:

### PARTIES

1. Applica is a Florida corporation having a principal place of business at 3633 Flamingo Road, Miramar, Florida 33027. Applica markets and distributes household products, including products under licensed brand names BLACK & DECKER® and company-owned brand names like LITTERMAID®.

2. Applica markets and distributes patented automatic self-cleaning cat litter box products and accessories under the LITTERMAID® mark. Applica has made and continues to make substantial investments in its LITTERMAID® product business to make its products the products of choice among America's cat owners. Applica's LITTERMAID® litter box products promote a healthy and safe environment for cats, and provide a convenient, easy to use litter box solution for America's cat owners.

3.     Doskocil Manufacturing Company, Inc. ("Doskocil") is a Texas corporation having its principal place of business located at 4209 Barnett Blvd., Arlington, Texas 76017.

4.     Doskocil manufactures, sells and offers for sale various pet products under the brand name "Petmate," including automatic self-cleaning cat litter boxes.

5.     Doskocil owns the assets of Stylette Pet Products ("Stylette"), which manufactures and has sold automatic self-cleaning cat litter box products under the brand name "Littersweep." Doskocil continues to sell and offer for sale Stylette's cat litter products under the brand name "Littersweep."

6.     Lucky Litter LLC ("Lucky Litter") is a Limited Liability Company formed in the state of Illinois and having its principal place of business at 2 N Riverside Plaza, Chicago, Illinois 60606.

7.     Lucky Litter manufactures, imports, sells and offers for sale various automatic self-cleaning cat litter box products under the brand name "ScoopFree."

## PATENTS

8.     Applica owns United States Patent No. 6,082,302 ("the '302 Patent") entitled "Self-Cleaning Litter Box," which issued on July 4, 2000 (Exhibit A).

9.     Waters Research Company ("WRC"), an Illinois corporation having a principal place of business at 213 West Main Street, West Dundee, Illinois 60118, owns United States Patent Re. 36,847 ("the '847 Patent") entitled "Automated Self-Cleaning Litter Box for Cats," which issued on September 5, 2000 (Exhibit B).

10.    Angelo Carlisi, an individual, owns United States Patent No. 5,048,465 ("the '465 Patent") entitled "Self-Cleaning Kitty Litter Box," which issued on September 17, 1991 (Exhibit C).

11. Applica is the exclusive licensee of the '847 Patent.

12. Applica is the exclusive licensee, by way of WRC, of the '465 Patent.

13. Applica has properly marked its cat litter box products with these patent numbers.

## STANDING

14. Applica has standing in this lawsuit as owner of the '302 Patent and exclusive licensee of the '847 and '465 Patents.

## JURISDICTION

15. This Complaint includes claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of these claims made under 28 U.S.C. § 1338(a).

16. This Complaint includes a claim for trademark infringement and unfair competition arising under the Lanham Act of the United States, Title 15 of the United States Code. This Court has original jurisdiction over the subject matter of this claim under 28 U.S.C. § 1338(a).

17. This Complaint includes a claim for unfair competition arising under the common law of the state of Texas. This Court has supplemental jurisdiction over the subject matter of this claim under 28 U.S.C. § 1367(a).

## VENUE

18. Venue is proper in this district under 28 U.S.C. § 1400(b) and/or § 1391(b). Doskocil is a corporation and Lucky Litter is a Limited Liability Company that reside in this district under 28 U.S.C. § 1391(c), as both Doskocil and Lucky Litter are subject to personal jurisdiction in this district. In particular, Doskocil and Lucky Litter transact business in this district, including selling cat litter box products through retailers located in this district, *e.g.*,

PetSmart® stores, as well as selling cat litter box products through the Internet to customers residing in this district.

## COUNT I - INFRINGEMENT OF THE '302 PATENT

19. Applica realleges the allegations in paragraphs 1-18 as though fully set forth herein.

20. Doskocil has infringed at least one claim of the '302 Patent by, among other activities, the manufacture, operation, promotion, use, importation, sale and offer for sale of cat litter box products, including but not limited to, for example, the "Petmate Purrforma," "Petmate Purrforma Plus," "Petmate Litter Round-Up," "Petmate Purrforma Jumbo," and "LitterSweep Ultra" cat litter box products.

21. Doskocil has further committed acts of infringement of the '302 Patent by contributing to and inducing others to infringe the '302 Patent. Doskocil has purposefully caused, urged, or encouraged others to infringe.

22. Doskocil's infringement has injured Applica, and, as a consequence, Applica is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

23. Doskocil has been made aware of the '302 Patent and has, nonetheless, copied and/or infringed claims of that patent with knowledge of the patent's scope and application to the activities carried out by Doskocil. As a consequence, Doskocil's infringement has been willful and deliberate and has injured and will continue to injure Applica unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, promotion, use, importation, sale and offer for sale of products and performing of methods within the scope of the '302 Patent.

24.  Lucky Litter has infringed at least one claim of the '302 Patent by, among other activities, the manufacture, operation, promotion, use, importation, sale and offer for sale of cat litter box products, including but not limited to, for example, the "ScoopFree" automatic litter box product.

25.  Lucky Litter has further committed acts of infringement of the '302 Patent by contributing to and inducing others to infringe the '302 Patent. Lucky Litter has purposefully caused, urged, or encouraged others to infringe.

26.  Lucky Litter's infringement has injured Applica, and, as a consequence, Applica is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

27.  Lucky Litter has been made aware of the '302 Patent and has, nonetheless, copied and infringed claims of that patent with knowledge of the patent's scope and application to the activities carried out by Lucky Litter. As a consequence, Lucky Litter's infringement has been willful and deliberate and has injured and will continue to injure Applica unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, promotion, use, importation, sale and offer for sale of products and performing of methods within the scope of the '302 Patent.

### COUNT II - INFRINGEMENT OF THE '847 PATENT

28.  Applica realleges the allegations in paragraphs 1-27 as though fully set forth herein.

29.  Doskocil has infringed at least one claim of the '847 Patent by, among other activities, the manufacture, operation, promotion, use, importation, sale and offer for sale of cat

litter box products, including but not limited to, for example, the "Petmate Purrforma," "Petmate Purrforma Jumbo" and "Petmate Purrforma Plus" cat litter box products.

30. Doskocil has further committed acts of infringement of the '847 Patent by contributing to and inducing others to infringe the '847 Patent. Doskocil has purposefully caused, urged, or encouraged others to infringe.

31. Doskocil's infringement has injured Applica, and, as a consequence, Applica is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

32. Doskocil has been made aware of the '847 Patent and has, nonetheless, copied and/or infringed claims of that patent with knowledge of the patent's scope and application to the activities carried out by Doskocil. As a consequence, Doskocil's infringement has been willful and deliberate and has injured and will continue to injure Applica unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, promotion, use, importation, sale and offer for sale of products within the scope of the '847 Patent.

33. Lucky Litter has infringed at least one claim of the '847 Patent by, among other activities, the manufacture, operation, promotion, use, importation, sale and offer for sale of cat litter box products, including but not limited to, for example, the "ScoopFree" automatic litter box product.

34. Lucky Litter has further committed acts of infringement of the '847 Patent by contributing to and inducing others to infringe the '847 Patent. Lucky Litter has purposefully caused, urged, or encouraged others to infringe.

35. Lucky Litter's infringement has injured Applica, and, as a consequence, Applica is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

36. Lucky Litter has been made aware of the '847 Patent and has, nonetheless, copied and infringed claims of that patent with knowledge of the patent's scope and application to the activities carried out by Lucky Litter. As a consequence, Lucky Litter's infringement has been willful and deliberate and has injured and will continue to injure Applica unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, promotion, use, importation, sale and offer for sale of products within the scope of the '847 Patent.

## COUNT III - INFRINGEMENT OF THE '465 PATENT

37. Applica realleges the allegations in paragraphs 1-36 as though fully set forth herein.

38. Doskocil has infringed at least one claim of the '465 Patent by, among other activities the manufacture, operation, promotion, use, importation, sale and offer for sale of cat litter box products, including but not limited to, for example, the "LitterSweep Ultra" and "Petmate Litter Round-Up" cat litter box products.

39. Doskocil has further committed acts of infringement of the '465 Patent by contributing to and inducing others to infringe the '465 Patent. Doskocil has purposefully caused, urged, or encouraged others to infringe.

40. Doskocil's infringement has injured Applica, and, as a consequence, Applica is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

41. Doskocil has been made aware of the '465 Patent and has, nonetheless, copied and/or infringed claims of that patent with knowledge of the patent's scope and application to the activities carried out by Doskocil. As a consequence, Doskocil's infringement has been willful and deliberate and has injured and will continue to injure Applica unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, promotion, use, importation, sale and offer for sale of products within the scope of the '465 Patent.

## COUNT IV - UNFAIR COMPETITION

42. Applica realleges the allegations in paragraphs 1-41 as though fully set forth herein.

43. Applica is the owner of the trademark LITTERMAID, and variants thereof, and has registered or applied for registration of such marks in the United States Patent and Trademark Office as follows:

| Mark | Registration No. | Issue Date | Goods and Services |
|---|---|---|---|
| LITTERMAID | 2,435,881 | 13 March 2001 | Cat litter (First Use of the mark at least as early as August 2000). |
| LITTERMAID | 3,146,719 | 19 September 2006 | Air cleaners for domestic use (First Use of the mark at least as early as 7 August 2005). |
| LITTERMAID ONE-STEP | 3,152,231 | 3 October 2006 | Electric self cleaning cat litter boxes (First Use of the mark at least as early as 9 April 2006). |
| LITTERMAID KITTY KABANA | 3,160,812 | 17 October 2006 | Litter box covers (First Use of the mark at least as early as 19 February 2006). |
| LITTERMAID ELITE MEGA | 3,160,813 | 17 October 2006 | Electric self cleaning cat litter boxes (First Use of the mark at least as early as 22 January 2006). |
| LITTERMAID ELITE | 3,160,814 | 17 October 2006 | Electric self cleaning cat litter boxes (First Use of the mark at least as early as 22 January 2006). |

| Mark | Registration No. | Issue Date | Goods and Services |
| --- | --- | --- | --- |
| LITTERMAID LITTER CENTER | 3,170,026 | 7 November 2006 | cat litter boxes (First Use of the mark at least as early as 21 November 2004). |
| LITTERMAID | Serial No. 77/133,161 | Filed 16 March 2007 | air cleaners for domestic use; privacy chambers for cats for use in connection with cat litter boxes; litter box covers |

44. Each of the aforementioned registrations is currently valid, subsisting and in full force and effect, and is registered on the Principal Trademark Register of the United States Patent and Trademark Office, save Application Serial No. 77/133,161, which is currently pending. The Trademark represented by Registration Number 2,435,881 is incontestable pursuant to 15 U.S.C. § 1065. Hereinafter the foregoing names and marks owned, used and/or registered by Applica shall be referred to individually and/or collectively as the "LITTERMAID Marks." True and accurate printouts from the U.S. Patent and Trademark Office's Trademark Document Retrieval (TDR) database of the Certificates of Registration referenced in paragraph 43 herein are attached hereto as Exhibit D.

45. The LITTERMAID Marks and variants thereof have been extensively and continually used, advertised and promoted by Applica and/or its predecessors within the United States. Substantial amounts of time, effort, and money have been expended over the years in ensuring that the purchasing public associates such marks exclusively with Applica's products.

46. As a result of the time, effort and money invested in its business, and the quality of its goods and services, Applica has achieved a reputation for excellence and enjoys a substantial demand for and consumer sales of its products.

47. By virtue of the extensive scope of the consumer and business sales made, and the substantial sums spent to advertise and promote products and services under the LITTERMAID Marks, such marks have acquired a strong secondary meaning in the minds of the purchasing

public and the business community, and are now highly distinctive, famous, and serve uniquely to identify Applica's products. Through widespread and favorable public acceptance and recognition, these marks enjoy tremendous goodwill and have become assets of substantial value as symbols of Applica's products.

48. On information and belief, long after Applica's first use of the LITTERMAID Marks, Lucky Litter, without the permission or authorization of Applica and with complete knowledge and notice of Applica's intellectual property rights, used the LITTERMAID Marks, including Applica's famous name and trademark, "LITTERMAID," in commerce and in a manner that was likely to confuse consumers by inserting the terms "littermaid" and "litter maid" as keyword meta tags at its websites, www.scoopfree.com and www.scoopfreeshelters.com.

49. On information and belief, long after Applica's first use of the LITTERMAID Marks, Lucky Litter, without the permission or authorization of Applica and with complete knowledge and notice of Applica's intellectual property rights, used the LITTERMAID Marks, including Applica's famous name and trademark, "LITTERMAID," in commerce and in a manner that was likely to confuse consumers by purchasing "littermaid" and "litter maid" as keywords from Google so that its website www.scoopfree.com appears and is identified as a sponsored link when a computer user runs a Google search for either "littermaid" or "litter maid".

50. On information and belief, Lucky Litter's unauthorized use of the LITTERMAID Marks has confused and is likely to confuse consumers into believing that Lucky Litter's ScoopFree products emanated from, or were sponsored or authorized by, Applica or that Lucky Litter's business was part of, sponsored by or affiliated with Applica. On information and belief,

Lucky Litter's unauthorized use of the LITTERMAID Marks has resulted in and is likely to result in confusion.

51. On information and belief, because of Applica's extensive and substantially exclusive use and sale of its cat litter products under the famous name and mark LITTERMAID, Lucky Litter was or should have been, at all times, fully aware of Applica's trademark rights. On information and belief, Lucky Litter's use of the LITTERMAID Marks was and is conducted with actual knowledge of the reputation and goodwill in Applica's marks, and Applica's ownership of the name and mark LITTERMAID, and was done in bad faith.

52. Lucky Litter's infringement has been willful and deliberate and has injured and will continue to injure Applica unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining use of the LITTERMAID Marks.

53. On information and belief, Lucky Litter's unauthorized use, advertising, marketing and sale of products under the LITTERMAID Marks, as alleged herein, is likely to deceive, mislead, and confuse the relevant public. Lucky Litter's actions constitute unfair competition in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54. As a proximate result of the acts of Lucky Litter as alleged herein, Applica has suffered and will continue to suffer damage to its business, goodwill, reputation, and profits, while Lucky Litter profits at Applica's expense. Applica has no adequate remedy at law for Lucky Litter's unfair competition. Unless Lucky Litter is permanently enjoined, Applica will continue to suffer irreparable harm.

## COUNT IV - TRADEMARK INFRINGEMENT

55. Applica realleges the allegations in paragraphs 1-54 as though fully set forth herein.

56. On information and belief, Lucky Litter's actions as discussed above constitute trademark infringement in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114.

57. As a proximate result of the acts of Lucky Litter as alleged herein, Applica has suffered and will continue to suffer damage to its business, goodwill, reputation, and profits, while Lucky Litter profits at Applica's expense. Applica has no adequate remedy at law for Lucky Litter's trademark infringement. Unless Lucky Litter is permanently enjoined, Applica will continue to suffer irreparable harm.

## COUNT V - COMMON LAW UNFAIR COMPETITION

58. Applica realleges the allegations in paragraphs 1-57 as though fully set forth herein.

59. Lucky Litter's illegal acts as discussed above constitute unfair competition under the common law of the State of Texas.

60. As set forth in this Complaint, Lucky Litter's acts interfered with Applica's ability to conduct its business.

61. Through its acts, Lucky Litter has appropriated and used, in competition with Applica, several unique pecuniary interests created by Applica through the expenditure of Applica's labor, skill, and money.

62. Applica's pecuniary interests include, but are not limited to, Applica's patents and trademarks, the goodwill Applica has developed for itself and for its products, and the market's appreciation of the value and benefit offered by Applica's products.

63. Lucky Litter's misappropriation has been without Applica's permission or authority and in competition with Applica's business, as well as malicious and calculated to injure Applica.

64. Lucky Litter's acts of unfair competition entitle Applica to recover its damages and costs of this action, together with an accounting of profits made by Lucky Litter on sales of automatic self-cleaning cat litter box products and accessories.

65. Lucky Litter's conduct has been willful, wanton and malicious and, therefore, entitles Applica to an award of its reasonable attorneys' fees and punitive damages against Lucky Litter.

WHEREFORE, Plaintiff Applica Consumer Products, Inc. asks this Court to enter judgment against Defendants, Doskocil and Lucky Litter, and against Defendants' subsidiaries, affiliates, agents, servants, employees, and all persons in active concert or participation with Defendants, granting the following relief:

A. An award of damages adequate to compensate Applica for the infringement that has occurred, and in no event less than a reasonable royalty, together with prejudgment interest from the date infringement of the '302, '847, and '465 Patents began;

B. An award of damages adequate to compensate Applica for Lucky Litter's infringement of the LITTERMAID Marks;

C. An award of damages adequate to compensate Applica for Lucky Litter's acts of unfair competition;

D. Increased damages as permitted under 35 U.S.C. § 284;

E. A finding that this case is exceptional and an award to Applica its attorneys' fees and costs as provided by 35 U.S.C. § 285;

F. A permanent injunction prohibiting further infringement of the '302, '847, and '465 Patents;

G. A permanent injunction prohibiting further infringement of the LITTERMAID Marks;

H. A permanent injunction prohibiting further unfair competition; and

I. Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Applica demands a trial by jury on all issues presented in this Complaint.

Respectfully submitted,

*/s/ Bruce W. Slayden II*
Bruce W. Slayden II
Texas State Bar No. 18496695
Kevin M. Sadler (Attorney-In-Charge)
Texas State Bar No. 17512450
BAKER BOTTS L.L.P.
98 San Jacinto Blvd.
Austin, Texas 78701
tel (512) 322-2589
fax (512) 322-8332
kevin.sadler@bakerbotts.com

S. Calvin Capshaw
BROWN McCARROLL L.L.P.
1127 Judson Road, suite 220
Longview, TX 75601-5157
tel (903) 233-4826
fax (903) 236-8787

ATTORNEYS FOR PLAINTIFF
APPLICA CONSUMER PRODUCTS, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 30, 2007, all counsel are being served with a copy of this document either: (1) by the Court's Electronic Filing System, pursuant to Local Rule CV-5(a)(3)(A), if they have consented to electronic service, or (2) by electronic mail, pursuant to Local Rule CV-5(d), if they have not so consented.

/s/ Bruce W. Slayden II
Bruce W. Slayden II