IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION


APPLICA CONSUMER PRODUCTS, INC.    §

Vs.                                §          CIVIL ACTION NO. 2:07-CV-73

DOSKOCIL MANUFACTURING CO., INC.   §
ET AL.


**MEMORANDUM OPINION AND ORDER**

**1.      Introduction**

The court denies the defendant's motion to dismiss for lack of personal jurisdiction and

improper venue (#16).  The court also denies the defendant's alternative motion to transfer venue

(#16).  The court denies as moot the motion for discovery order (#19).

**2.      Factual Background and Procedural Posture**

In this case, the plaintiff, Applica Consumer Products, Inc. ("Applica"), sued the defendants,

Doskocil Manufacturing Company, Inc. ("Doskocil") and Lucky Litter, LLC ("Lucky Litter"), for

allegedly infringing various claims of certain United States patents.  The patents cover cat litter box

products.  Plaintiff Applica, based in Miramar, Florida, markets and sells cat litter box products

throughout the United States, including in the Eastern District of Texas.  Defendant Doskocil is a

Texas corporation with its principal place of business in Arlington, Texas.  Defendant Lucky Litter

is a limited liability company formed in the state of Delaware with its principal place of business in

Chicago, Illinois.

Lucky Litter sells various cat litter boxes in competition with Applica through retailers and

through its website.  It is not disputed that these products are offered for sale on a wide geographic

range.  It is also not disputed that some of the products, albeit a small percentage, have been sold in

the Eastern District of Texas through such retailers as PetSmart and Petco.

Lucky Litter contends that the court lacks personal jurisdiction over it and requests dismissal.

Alternatively, Lucky Litter urges that its small size and financial condition, coupled with the location

of certain witnesses, support a discretionary transfer of venue to the court embracing its principal

place of business, the Northern District of Illinois.

**3.     Discussion**

**A.      The court has personal jurisdiction over Lucky Litter**

Lucky Litter is subject to personal jurisdiction in Texas.  Personal jurisdiction exists when

the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit

does not offend traditional notions of fair play and substantial justice." *Int'l Shoe v. Wash*., 326 U.S.

310, 316 (1945).  In the patent infringement context, the sale of an allegedly infringing product

through an established distribution system into the forum state is generally sufficient to subject a

defendant to suit in the forum. *See Jacobs Chuck Mfg. Co. v. Shandong Weida Machinery Co.*, 2005

WL 3299718 (E.D. Tex. Dec. 5, 2005).  Because Lucky Litter sells the allegedly infringing product

into the forum state directly over the Internet and through an established distribution scheme, specific

jurisdiction exists in this case.

The court has considered whether the exercise of jurisdiction over Lucky Litter in Texas

would be unreasonable under these circumstances. *Viam Corp. v. Iowa Export-Import Trading Co.*,

84 F.3d 424, 429 (Fed. Cir. 1996).  Although Lucky Litter will undoubtedly be burdened to some

extent, the court is not persuaded that this burden outweighs the interests of the forum state, the

plaintiff's interest in seeking relief, the interstate judicial system's interest in obtaining the most

efficient resolution of controversies, and the interests of the states in furthering their social policies.

*Id*.  Texas has an interest in compensating parties for injuries that arise from patent infringement

occurring in the state.  Likewise, given the parties' competitive relationship, the plaintiff has an

interest in stopping infringement in one of its markets.  Texas has an interest in cooperating with

other states to provide a forum for efficiently litigating Applica's cause of action.  Given the number

of witnesses, their location, and the presence of a second defendant located in Texas, the forum state

is an efficient location for the suit.  In all, the exercise of jurisdiction is not unreasonable under these

facts.  The motion to dismiss for lack of personal jurisdiction is therefore denied.

**B.      Venue is proper in this court, and Lucky Litter has not shown that a transfer of venue is proper**

Venue is proper in this district because Lucky Litter resides (i.e. is subject to personal

jurisdiction) here.  28 U.S.C. § 1400(b).  Lucky Litter sells its products into the Eastern District of

Texas through an established distribution channel including retailers and over the Internet.  Because

venue is proper in this court, the burden is on Lucky Litter to persuade the court that a venue transfer

is proper.  The plaintiff's choice of forum "will not be disturbed unless it is clearly outweighed by

other factors." *Hybrid Patents, Inc. v. Charter Communucations, Inc.*, 2007 WL 969591, at *4 (E.D.

Tex. Mar. 28, 2007).  The court has considered the private and public interest factors and is not

persuaded that a transfer is proper.

**1.      Private interest factors**

The private interest factors do not support a transfer to the Northern District of Illinois.  First,

as Applica notes, the case involves three parties, one of which is a Texas corporation with its

principal office in Arlington, Texas.  As such, the convenience of the other parties to the case would

not be advanced by a transfer to Illinois.  With respect to witnesses, Lucky Litter notes that four

witnesses are located in the Northern District of Illinois.  However, the vast majority of the fact

witnesses are located throughout the United States and overseas and will be inconvenienced

regardless of whether this case is transferred.  In particular, one of the inventors is located in Florida

and one is located in Hong Kong.  As to the development of Lucky Litter's accused products,

although one of the designers resides in Chicago, Illinois, others reside in Indiana, Massachusetts,

and Pennsylvania.  The accused product is manufactured in China.   In addition, most patent cases

are driven by expert testimony.  These witnesses are under the control of the respective parties, and

this fact militates against a transfer of venue.

With respect to the remaining private interest factors, Lucky Litter attempts to sell its

products nationwide, and the place of the alleged wrong is fairly viewed to be the locations in the

various states where the allegedly infringing products are sold in competition with Applica's

products.  Documents are located in Chicago, in Texas, and in Florida; therefore, the availability and

location of sources of proof does not warrant a transfer.  The possibility of delay and prejudice if

transfer is granted is relevant in only rare circumstances.  This case is not one of them.  The private

interest factors do not support a transfer.

### 2.    Public interest factors

The public interest factors also do not support a transfer.  No choice of law problems exist

in this case because it is governed by federal law.  Likewise, the citizens of this district have an

interest in the resolution of the case as the allegedly infringing products are sold here.  A trial date

has been set, and the court is capable of handling the case in an orderly fashion.  On balance, Lucky

Litter has not met its burden of establishing that the public interest factors weigh in favor of transfer.

### 3.	Conclusion

Lucky Litter has not shown that the private and public interest factors support a venue transfer.  The court therefore denies the motion to transfer.

### C.	Motion for Discovery Order

The court has previously issued a discovery order and docket control order in this matter. As such, the plaintiff's motion for discovery order (#19) is denied as moot.

### 4.	Conclusion

The court denies Lucky Litter's motion to dismiss (#16) and motion to transfer venue (#16). The motion for discovery order (#19) is denied as moot.

SIGNED this 31st day of March, 2008.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE